Monday,
June 8.

---

Wellman and Another *v.* The State.

A recognizance for the principal's appearance, &c., filed on the first day of the proper term, but not then entered of record, was forfeited, &c. *Held,* that the recognizance might be entered of record, at a subsequent term, *nunc pro tunc.*

When the caption of a recognizance, set forth in a *scire facias,* shows the recognizance to have been taken in the proper county, the *scire facias* sufficiently shows that the recognizance was there taken.

A *scire facias* against two of three recognizors bound severally is erroneous.

May Term,
1840.

WELLMAN
v.
THE STATE.

Monday,
June 8.

ERROR to the *Rush* Circuit Court.

DEWEY, J.—*Scire facias* on a recognizance. On the first day of the *April* term, 1837, of the *Rush* Circuit Court, the sheriff of *Rush* county filed in the clerk's office a recognizance against one *Williams* and the plaintiffs in error, by which they were bound to the state in the sum of 100 dollars each; the condition of the recognizance was, that *Williams* should appear on that day, and answer to a crime alleged against him, &c.; the parties were called at the proper time, and the recognizors failing to appear, the recognizance was forfeited; at the *April* term, 1838, the prosecuting attorney moved the Court, that the recognizance be entered of record *nunc pro tunc*, which was accordingly done, and a *scire facias* ordered; a *scire facias* against two of the recognizors—the bail of *Williams*—issued, setting forth the above facts, containing the recognizance in *hæc verba*, and averring that the sheriff had full authority to take and file it. The defendants pleaded three pleas; the first and third have reference to the situation of the record before and after the entry of the recognizance of record, and contain only such facts as appear by the *scire facias;* there was a general demurrer to these two pleas, and it was sustained; the second plea is *nul tiel record;* issue was taken upon it; the Court rendered a joint judgment of execution for 100 dollars against both defendants. The record shows that exception was taken to the amendment allowed by the Court.

The plaintiffs in error do not contend, that the pleas which were demurred to were valid; but they claim that the judgment of the Circuit Court should be reversed for the following causes, 1st, The Court erred in permitting the amendment; 2dly, The *scire facias* (which is reached by the demurrer) is defective for not averring that the recognizance was a matter of record, and for not showing that it was taken in the county of *Rush*.

Neither of these objections can prevail. Clerical errors may be amended *nunc pro tunc*. 2 Tidd's Pr. 642.—*Holmes et al.* v. *Remson*, 2 Cowen, 410.—*Smith* v. *Myers* decided at the last term of this Court. The omission to enter the recognizance of record in the first instance, was an error of that character; and the Circuit Court was correct in suffering

the entry to be made, at a subsequent term, so as to cure the defect. The amendment, having this effect, obviates the objection, that the *scire facias* does not aver the recognizance was a matter of record. It has that averment. As little foundation is there on which to sustain the other alleged fault in the *scire facias*—that it does not show that the recognizance was taken in the county of *Rush*. The caption is set forth in the *scire facias*, and shows that the sheriff took the recognizance in that county. This is a sufficient allegation of the place of taking. 1 Burr's Trial, 51.

There is, however, a fatal error in the judgment of the Circuit Court. The recognizance was entered into by three persons, and the *scire facias* is against two of them. This is wrong. As each of the recognizors was bound severally in the sum of 100 dollars, there should be a several writ against each. *Thompson et al.* v. *The State*, 4 Blackf. 188.—*Hildreth* v. *The State*, *May* term, 1839, of this Court.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*J. S. Newman*, for the plaintiffs.
*W. J. Peaslee*, for the state.